IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DANIEL D. DILLARD, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:19-cv-00022-M-BP |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Daniel D. Dillard ("Dillard"), an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. On February 27, 2019, the petition was automatically referred to the undersigned for decisions as to non-dispositive matters and for findings and recommendations as to dispositive matters pursuant to Special Order No. 3-251. *See* ECF No. 3. Before the Court are the Petition for Writ of Habeas Corpus, ECF No. 1, filed on February 27, 2019; Dillard's Motion for a Temporary Restraining Order and a Preliminary Injunction, ECF No. 13, Memorandum of Law in Support, ECF No. 14, and Declaration in Support, ECF No. 15, filed on April 15, 2019, and Supplemental Declaration in Support, ECF No. 28, filed on June 7, 2019; and his Motion to Amend the Original Pleading with Brief in Support, ECF No. 36, filed July 8, 2019.

After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DENY** Dillard's petition for writ of habeas corpus, ECF No. 1, Motion for a Temporary Restraining Order and a Preliminary Injunction, ECF No. 13, and Motion to Amend the Original Pleading, ECF No. 36.

### A. Petition for Writ of Habeas Corpus

In his petition, Dillard challenges the validity of disciplinary action no. 20190067461, which was taken against him for the offense of "staff assault." ECF No. 1 at 5. According to Respondent, Dillard was found guilty of the disciplinary offense of "assaulting an officer, or any other person who is not an offender, without a weapon that results in a serious injury," a Level 1, Code 3.4 violation. *See* ECF No. 31 at 3; *see also Disciplinary Rules and Procedures for Offenders*, TDCJ-CID, https://www.tdcj.texas.gov/documents/cid/Disciplinary_Rules_and_Procedures_for_ Offenders_English.pdf, at 33 (last visited October 29, 2019). Dillard states that his disciplinary case resulted in 1562 days of good-time credit lost, reduction in line class from S3 to L3, transfer, and forty-five days of commissary and fifteen days of recreation restrictions. ECF No. 1 at 5; *see also* ECF No. 31 at 3-4.

In support of his petition, Dillard claims that his due process rights were violated in the disciplinary process when (1) the disciplinary hearing officer ("DHO") prohibited him from presenting documentary evidence during the hearing; (2) he was denied adequate notice of the charges; (3) he was denied effective assistance of counsel; (4) he was denied the right to an impartial disciplinary hearing; (5) he was forced to appeal the outcome of his disciplinary hearing without the benefit of the record; (6) the TDCJ failed to file his appellate grievances; (7) he was denied a timely disciplinary hearing; (8) he was denied the right to explain the necessity for documentary evidence to contradict opposing witness statements; (9) he was denied the right to call and question witnesses; (10) there was insufficient evidence to support the disciplinary hearing outcome; and (11) the DHO did not explain why he believed a conflicting opinion over another at the disciplinary hearing. ECF No. 1 at 6–7, 11-12.

Dillard has failed to state a colorable claim for habeas corpus relief. He has no constitutionally protected interest in his custodial classification or in his good-time earning status.

*See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Similarly, a reduction in good-time earning status will not support a due process claim because the timing of the inmate's release is too speculative to afford a constitutionally cognizable claim in a "right" to a time-earning classification. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Therefore, to the extent Dillard's custodial classification was to improve in the future, the reset of his Line 3 custodial classification does not warrant due process protection. Likewise, Dillard's objection regarding being transferred is not actionable. "[T]here is no constitutionally protected liberty interest in not being transferred." *Robinson v. Stephens*, No. 7:12-CV-0041-O-BL, 2015 WL 566723, at *6 (N.D. Tex. Feb. 10, 2015).

Dillard concedes that he is not eligible for mandatory supervised release. ECF No. 1 at 5. He asserts that he was convicted in October 2006 in the 230th District Court of Harris County, Texas, and is serving a sentence of life without parole. *Id.* at 2. Respondent confirms that Dillard was convicted of capital murder in that court under cause number 1063933 and is serving a sentence of life imprisonment without parole. ECF No. 31 at 3, 31-1. The TDCJ website also reflects this information. *See* Offender Information Details, TDCJ, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=06683229 (last visited October 29, 2019). Therefore, Dillard had no constitutionally protected liberty interest at stake during the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary action.

The loss of recreation and imposition of a commissary restriction that Dillard sustained are changes in the conditions of confinement and do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Dillard do not raise such concerns. For these reasons, Dillard's petition for habeas corpus should be denied.

### B. Request for Injunctive Relief

Liberally construed, Dillard's Motion for a Temporary Restraining Order and a Preliminary Injunction requests the Court to enjoin the Respondent from impeding his ability to litigate this case by: (1) harassing him; (2) refusing him access to his disciplinary hearing audio; (3) refusing to file his disciplinary appeals; and (4) refusing to allow him to return to the prison unit where his disciplinary hearing occurred. ECF No. 14 at 2. In his Supplemental Declaration in Support of his motion, Dillard states that harassment against him at the Allred Unit has continued since he originally filed his motion. ECF No. 28.

An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). The party seeking injunctive relief must clearly establish entitlement to that relief. *Guy Carpenter & Co. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003). To obtain injunctive relief, Dillard must show "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction

will not disserve the public interest." *Hampton v. Underwood*, No. 3:18-CV-1499-S-BH, 2019 WL 284990, at *2 (N.D. Tex. Jan. 8, 2019) citing *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000).

As discussed above, Dillard is not entitled to relief on the merits of his habeas corpus petition. He also has not shown that he would suffer irreparable injury if the Court did not grant the requested injunctive relief. Moreover, Dillard seeks non-habeas civil relief against Respondent and others. The "courts may only consider federal habeas petitions on grounds that the petitioner is in custody in violation of the Constitution or federal laws." *Hampton*, 2019 WL 284990, at *2. Dillard's claims regarding the conditions of his confinement must be pursued in a separately filed civil action. Accordingly, his claims for injunctive relief should be denied.

### C. Motion to Amend

In his Motion to Amend the Original Pleading and Brief in Support, ECF No. 36, Dillard asks the Court to construe his petition as a "defective complaint under § 1983." ECF No. 36 at 1. He further asserts that his claims are "unchallenged as to stating a claim under § 1983." *Id.* The Court notes that Dillard filed a separate civil action under 42 U.S.C. § 1983 against Respondent and several other individual defendants on the same day that he moved to amend his petition in this case. *See Dillard v. Davis*, No. 7:19-CV-081-O (N.D. Tex. Jul. 8, 2019). In that case, Dillard seeks damages and injunctive relief for alleged constitutional violations arising out of the same October 8, 2018 incident underlying the disciplinary case in the instant case. He filed the separate case within two years of the date that his claims arose, so he would not be prejudiced if the Court did not grant him leave to amend his petition here. Because he already has filed a civil rights case that concerns the same facts and requested relief that would be at issue in this case if the Court permitted him to amend his petition to state such a claim, his Motion to Amend should be denied as moot.

5

For these reasons, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DENY** Petitioner's petition for writ of habeas corpus, ECF No. 1, Motion for a Temporary Restraining Order and a Preliminary Injunction, ECF No. 13, and Motion to Amend the Original Pleading, ECF No. 36.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **October 29, 2019**.

                                                   _____
                                                   Hal R. Ray, Jr.
                                                   UNITED STATES MAGISTRATE JUDGE