## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **DANIEL D. DILLARD,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:19-cv-00022-M-BP** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court in this habeas corpus action are Petitioner's Motion for New Trial, Motion to Amend Findings, and Motion to Alter Judgment, ECF Nos. 54, 55, and 56, respectively, filed December 2, 2019. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DENY** the Motions.

The Petitioner, Daniel D. Dillard ("Dillard"), is an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. He originally filed this case challenging the validity of a disciplinary action taken against him for assaulting a member of TDCJ staff. ECF No. 1. He also sought injunctive relief and leave to amend his petition to state a claim under 42 U.S.C. § 1983. ECF Nos. 13 and 36. The case was automatically referred to the undersigned for decisions as to non-dispositive matters and for findings and recommendations as to dispositive matters pursuant to Special Order No. 3-251. *See* ECF No. 3. On November 13, 2019, the undersigned entered Findings, Conclusions, and Recommendation recommending that Chief Judge Lynn deny Dillard's petition because he failed to state a colorable claim for habeas relief, demonstrate entitlement to injunctive relief, or a right to amend his petition

since he had filed a separate action under 42 U.S.C. § 1983. ECF No. 49. Dillard timely filed objections to the Findings, Conclusions, and Recommendation. ECF No. 51. Chief Judge Lynn overruled his objections and entered an order accepting the Findings, Conclusions, and Recommendation on November 13, 2019. ECF No. 52. On that same day, she entered Judgment denying Dillard's petition with prejudice. ECF No. 53.

Dillard now seeks post-judgment relief through motions for a new trial, amended or supplemental findings, and an altered or amended judgment, essentially asserting that the Court did not adequately address his argument that placement in administrative segregation violated his constitutional rights. *See* ECF Nos. 54-56. The Court may grant a motion for new trial under Rule 59(a) of the Federal Rules of Civil Procedure "after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a). The rule vests the Court with discretion to grant a new trial "where it is necessary 'to prevent an injustice.'" *Garcia v. Stephens*, No. 3:06-CV-2185-M, 2015 WL 656274 at *2 (N.D. Tex. Oct. 29, 2015) (quoting *United States v. Flores*, 981 F.2d 231, 237 (5th Cir. 1993)). Likewise, Rule 52(b) permits the Court to amend its findings or make additional findings. Fed. R. Civ. P. 52(b). "The purpose of a Rule 52(b) motion 'is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence.'" *Garcia*, 2015 WL 656274 at *1 (quoting *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986)). Finally, the Court may alter or amend its judgment under Rule 59(e) to "(1) correct a clear error of law or prevent manifest injustice; (2) present newly discovered evidence; or (3) reflect an intervening change in controlling law." *Garcia*, 2015 WL 656274 at *2.

In his petition, Dillard did not assert the unconstitutionality of his placement, nor even mention it other than to note that his custody status was changed from "G3 to Administrative

Segregation" in describing any punishment imposed as a result of the disciplinary action at issue. *See* ECF No. 1 at 5. He did include the following sentence in his Reply to the Defendant's Response: "Ad. Seg., placement was dependent on Plaintiff's disciplinary hearing and created a liberty interest in receiving full procedural due process." ECF No. 34 at 1. Although Dillard now claims that the Court did not address these arguments, the undersigned's Findings, Conclusions, and Recommendation, noted that Dillard "has no constitutionally protected interest in his custodial classification or in his good-time earning status." ECF No. 49 at 2. Likewise, the undersigned explained that "[c]onstitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Dillard do not raise such concerns." *Id*. at 4. The law is clear that Dillard's placement in administrative segregation itself did not create a liberty interest or violate his constitutional rights.

As Chief Judge Lynn wrote in another habeas corpus case in which the petitioner made similar arguments regarding his placement in G5 restrictive housing:

> A prisoner has no liberty interest in his custody level or classification unless he demonstrates that it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Hernandez v. Velasquez*, 522 F.3d 556, 562–63 (5th Cir. 2008) (quoting [*Sandin* v. *Conner*, 515 U.S. 472, 484]); *see also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (noting that "any alleged due process or other constitutional violation arising from [custodial] classification is indisputably meritless"). Even placement or continued confinement in administrative segregation does not, by itself, create a protectable liberty interest. *See Harper*, 174 F.3d at 719 (quoting *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998)) (noting that administrative segregation is "an incident to the ordinary life of a prisoner" and, absent extraordinary circumstances, "simply does not constitute a deprivation of a constitutionally cognizable liberty interest"); *see also Sandin*, 515 U.S. at 485 (holding a thirty-day assignment to segregated confinement, though punitive in nature, did not deprive prisoner of a liberty interest because the assignment did not "present a dramatic departure from the basic conditions of [the prisoner's] indeterminate sentence"); *Pichardo v. Kinker*, 73 F.3d 612, 613 & n.2 (5th Cir. 1996) (affirming dismissal of prisoner's claim that "mere placement in administrative segregation deprive[d] him of a liberty interest"). Courts have recognized an exception to this rule only when a prisoner is incarcerated in super-maximum security conditions for a

3

lengthy or indeterminate duration. *See, e.g., Wilkinson v. Austin*, 545 U.S. 209, 214, 223–24 (2005) (finding that prisoner's transfer to an Ohio "supermax" facility implicated a liberty interest, in part because (1) the conditions were "more restrictive than any other form of incarceration in Ohio"; (2) confinement in supermax was indefinite; and (3) otherwise eligible inmates were disqualified for parole consideration while incarcerated in supermax); *Wilkerson v. Goodwin*, 774 F.3d 845, 855–56 (5th Cir. 2014) (finding that thirty-nine years in solitary confinement was an atypical and significant hardship constituting a liberty interest).

*Blair v. Davis*, No. 5:17-CV-276-M-BQ, 2018 WL 1083620 at *1 (N.D. Tex. Feb. 28, 2018) (footnote omitted).

Here, Dillard has not shown that his placement in administrative segregation at the Allred Unit constitutes an "atypical or significant hardship" as required under *Sandlin*. He has not made any argument or presented any evidence to show that the conditions of his administrative segregation are materially different from what is a normal part of prison life in a TDCJ facility such as the Allred Unit. Further, he has not alleged how long he has been assigned to administrative segregation, but even if the Court assumes that he has been there since the date of the disciplinary hearing at issue in his petition (November 16, 2018), he has not thereby demonstrated an atypical and significant hardship that would be actionable under the law. *See Bailey v. Fisher*, 647 F. App'x 472, 476 (5th Cir. 2016) ("The Fifth Circuit recently suggested that two and a half years of segregation is a threshold of sorts for atypicality, [*Wilkerson v. Goodwin*, 774 F.3d 845, 855] such that 18-19 months of segregation under even the most isolated of conditions may not implicate a liberty interest."). Nor has he asserted any argument that the Court should grant post-judgment relief to address his claim for injunctive relief or his request that the Court permit him to amend his petition to add a claim under § 1983.

Dillard has not presented any compelling reasons why the Court should grant a new trial, amend its findings, or alter its Judgment. He has not demonstrated that an injustice has been done, that newly discovered evidence supports his petition, or that a recent change in the law warrants

post-judgment relief. The undersigned therefore **RECOMMENDS** that Chief Judge Lynn **DENY** Petitioner's Motion for New Trial, Motion to Amend Findings, and Motion to Alter Judgment, ECF Nos. 54, 55, and 56.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Signed July 22, 2020.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

5